George H. Getman, Esq. Village Attorney, Ilion
You have asked whether your village board may refuse to authorize the expenditure of funds for a disciplinary hearing initiated by the mayor to remove a member of the village's housing authority.
The mayor of a village is authorized to remove a member of a village housing authority for "inefficiency, neglect of duty, or misconduct in office, but only after the member shall have been given a copy of the charges against him and an opportunity to be heard in person or by counsel in his own defense at a public hearing" (Public Housing Law, § 34). In your letter you indicate that the mayor has filed charges against two members of the housing authority and desires to hire a special counsel and a hearing officer but that the board of trustees has refused to authorize the expenditure of funds for this purpose.
We note at the outset that the trustees reasonably may inquire as to the necessity of appointing a special counsel rather than utilizing the village attorney to prosecute the charges. This inquiry concerns the reasonableness of the proposed expenditure.
In our view, the board of trustees may not override the mayor's decision to commence disciplinary proceedings against employees of the housing authority through its refusal to authorize the reasonable expenditure of funds for a disciplinary hearing required by law (cf., 1979 Op Atty Gen [Inf] 177). While under the village's State-granted charter, no claim against the village may be paid until it has been audited and allowed by the board of trustees, this power must be used for its intended purposes. Generally speaking, the auditing function is to ensure that village funds are expended for services and supplies actually rendered and provided in accordance with legal authority (see Village Charter, § 67). Under the village charter, the trustees have the duty "to audit and allow necessary expenses" (Village Charter, § 16[14]). Only the mayor is empowered to remove members of the housing authority after a hearing on stated charges (Public Housing Law, § 34). Thus, the expenses of such a hearing resulting from the mayor's decision to initiate charges are "necessary expenses". They would be incurred in accordance with the mayor's statutory authority to remove members of the housing authority.
We note that your letter states that the trustees "have refused to authorize the expenditure of the money". Thus, no claim is being made that the village's budget does not include funds for the hearing. In any event, one would expect that a municipal budget would include funds for possible disciplinary proceedings.
We conclude that under the provisions of the Public Housing Law and the village's special charter, the board of trustees is unauthorized to withhold funds for disciplinary hearings authorized by the mayor under express statutory authority.